UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARRA LENNETTEE HINES,

    Plaintiff,

v.                                                                                  Case No: 8:24-cv-2933-KKM-AEP

CARRINGTON MORTGAGE
SERVICES, LLC, et al.,

    Defendants.
_____

## ORDER

Tarra Lennettee Hines, appearing pro se, sues Carrington Mortgage Services, LLC, Homebridge Financial Services, Inc., and others, and asserts claims for fraud, forgery, breach of contract, and violations of fiduciary duties. Compl. (Doc. 1). Hines neither pays the filing fee nor moves to proceed *in forma pauperis*. Further, the complaint fails to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and fails to state a basis for federal subject-matter jurisdiction.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this rule does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Federal Rule of Civil Procedure 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A shotgun pleading exacts "an intolerable toll on the trial court's docket." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

The four basic types of shotgun pleadings are (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts several claims against several defendants without specifying which defendant is responsible for which act or omission or against which defendant the plaintiff states a claim. *Weiland*, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote omitted).

Hines's complaint is a shotgun pleading. To start, Hines fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* Although Hines does separate out her breach of contract claim, Compl. at 3, she lumps other claims together. For example, under the heading titled "Affidavit of Forgery," Hines alleges both that the defendants submitted documents with falsified information and that the defendants breached their fiduciary duties. *Id.* at 2–3. Then, later in the complaint, Hines again alleges that the defendants violated their fiduciary duties. *Id.* at 3. If she chooses to amend her complaint, Hines must state each claim "in a separate count." FED. R. CIV. P. 10(b). In an amended complaint, Hines must also specify "which of the defendants are responsible for which acts or omissions," and "which of the defendants" each claim is brought against. *Id.* at 1323. In most of the current complaint, Hines refers only to the defendants in the collective and fails to enumerate which defendants allegedly committed which acts. *See, e.g.*, Compl. at 2 ("Defendants submitted documents, including foreclosure filings, liens, and other records, that contain falsified information designed to undermine Plaintiff's ownership rights.").

Along with rectifying the above issues, to satisfy Rule 8(a)(2), Hines must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

3

Finally, a basis for federal jurisdiction is not apparent from Hines's complaint. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) ("[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim."). Hines does not plead a federal claim. Nor does she allege the necessary elements for diversity jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("For a federal court to have diversity jurisdiction the plaintiff must allege a proper jurisdictional basis in the complaint including an amount in controversy in excess of $[75],000 exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states."). If she chooses to amend her complaint, Hines must state a proper basis for federal subject matter jurisdiction.

To sum up, in any amended complaint and in addition to resolving the deficiencies described earlier, (1) Hines must plead her complaint in separate claims for relief and include no more than one claim for relief in each count of the amended complaint; (2) Hines must state above each count in the form of a title or a heading the name of one and only one claim for relief that the count alleges; (3) Hines must separate or identify the facts that support each count from the facts that support another count or counts; (4) Hines must in each count identify the defendant or defendants against whom that count states a claim; and (5) Hines must in each claim state the relief to which, based on the claim, Hines claims entitlement.

Accordingly, it is **ORDERED**:

1. Because (1) Hines fails to either pay the filing fee or move to proceed *in forma pauperis*; (2) the complaint fails to comply with the pleading requirements of Federal Rules of Civil Procedure 8(a)(2) and 10(b); and (3) and the complaint fails to allege a basis for federal subject matter jurisdiction, the complaint is **DISMISSED** without prejudice.

2. No later than **January 28, 2025**, Hines (1) must either pay the full $405 filing fee, https://www.flmd.uscourts.gov/fees-table; 28 U.S.C. § 1914, or move to proceed *in forma pauperis*, https://www.uscourts.gov/sites/default/files/ao239_1.pdf; 28 U.S.C. § 1915 and (2) must amend the complaint in accord with this order.

3. Failure to comply with this order will result in final dismissal of this action without further notice. In other words, the action will end without another opportunity to amend the complaint.

**ORDERED** in Tampa, Florida, on January 7, 2025.

Kathryn Kimball Mizelle
United States District Judge